**Anibal CONTE, Libellant,**

**v.**

**The RIO DE LA PLATA and Flota Mercante Del Estado, Respondents.**

United States District Court
S. D. New York.

Jan. 12, 1959.

Cohen & Cohen and Jerome Golenbock, New York City, for libellant; Donald S. Sherwood, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for respondents; Walter X. Connor, New York City, of counsel.

McGOHEY, District Judge.

The respondent moved the court to decline jurisdiction and dismiss "the libel and every claim asserted therein" on the ground that the suit is "between foreigners," arises out of injuries sustained on the high seas beyond the territorial limits of the United States and is governed by Argentine law.

The libel asserts claims (a) for damages resulting from injuries allegedly caused by negligence and unseaworthiness, and failure to render proper treatment promptly; (b) for wages allegedly not paid though due.

The injury concededly was sustained on August 29, 1957, aboard the vessel while it was two days out of New York and beyond the territorial jurisdiction of the United States. The vessel is owned by respondent Flota Mercante Del Estado, a corporate agency of Argentina whose flag it flies. The libellant is a citizen of Argentina and signed articles at Buenos Aires for a round trip to New York and return.

When the vessel docked at New York on August 31, 1957, the libellant was admitted on parole to the respondent. The parole has now expired. Accordingly, the libellant, unless he accepts proffered repatriation by the vessel owner, is subject to deportation.

The libel was filed December 31, 1957; the answer on February 6, 1958. The case was placed on the trial calendar on May 6, 1958. It has been the subject of pre-trial conferences before a Judge of this court and will be reached for trial within the next thirty days.

The injury consisted of the traumatic amputation of four fingers of the right hand. All of the libellant's treatment since his removal from the vessel has been and still is being rendered by local doctors and technicians at hospitals and rehabilitation facilities in the City of New York.

The eye witnesses to the accident, as well as the master and other officers of the vessel, are still in the employ of the corporate respondent whose vessels made regular trips to New York.

The respondent has offered no explanation and none is apparent why it waited until the eve of trial, more than a year after the filing of the libel and eight months after the cause was placed on the trial calendar, to urge denial of jurisdiction. In the intervening period the libellant has become obligated for the expense of preparing for trial pursuant to the procedures of this court.

The wage claim is clearly within the court's jurisdiction.[1] In light of this and the other circumstances herein disclosed, sound discretion seems to me to require that jurisdiction be retained of all other claims asserted in the libel.[2]

Accordingly the motion is in all respects denied and it is

So Ordered.

---

1. 46 U.S.C.A. §§ 596, 597 and 599.

2. See The Fletero v. Arias, 4 Cir., 206 F.2d 267, certiorari denied 346 U.S. 897, 74 S.Ct. 220, 98 L.Ed. 398.